## LOWEN *v.* CROSSMAN.

An action before a justice of the peace, in which the plaintiff claimed to recover for the work and labor of his son, for five and a half months, at ten dollars per month, &c. The defendant answered in writing, denying the plaintiff's claim, and averring that he contracted with plaintiff, for the hire of the services of his son, for one year, at the price of $75 00 ; and that the son worked five and a half months, when he was taken away by the plaintiff, who refused to permit him to work for defendant any longer, and claiming damages for the breach of the contract. To this answer, no replication was filed. On appeal to the district court, the plaintiff filed a demurrer to so much of the answer, as alleged that the contract was for the labor of the son for one year, &c., which demurrer was sustained, and so much of the answer stricken out ; *Held,* That by sustaining the demurrer, the defendant was deprived of his right to show that he had sustained any damages by reason of the failure of the plaintiff to perform his part of the agreement, which damages he had the right to set off against the plaintiff's claim for compensation for the labor of his son for five and a half months, and that the proceeding was erroneous. (WRIGHT, C. J., dissenting.)

*Appeal from the Keokuk District Court.*

### THURSDAY, APRIL 14.

SUIT upon an account, before a justice of the peace. The plaintiff claimed of defendant, for the work and labor of his son, five and a half months, at ten dollars per month, and for one sheep-skin, at seventy-five cents. The parties appeared before the justice, and defendant filed his answer in writing, denying any indebtedness, and averring that he contracted with plaintiff for the hire of the services of his son, for one year, at the price of seventy-five dollars ; that the son worked five and a half months, when he was taken away by the plaintiff, who refused to permit him to work for defendant any longer ; and he claims damages for breach of contract. To this answer, the transcript fails to show any replication by the plaintiff. There was a trial before the justice, and judgment for the plaintiff, for $34 75.

On appeal to the district court, the plaintiff, without ob-

jection, filed a replication to the defendant's answer, deny-ing all the averments of the same. Afterwards, the plain-tiff filed an additional replication, in which it is alleged that if there was any contract for service by plaintiff's son, for any certain length of time, with defendant, his said son had a right to terminate the contract, and leave the defendant's service, on account of the ill-treatment received by him from defendant, and because the house of said defendant was an improper place for him to live; and that it was plaintiff's duty to cause him to quit the said place.

The defendant moved the court to strike out this amen-ded replication, for the reason that the same makes a new issue, not raised on the trial before the justice, and for the reason that a party cannot, on an appeal to the district court, from a justice of the peace, file additional pleadings, chang-ing the issue in the cause. The motion was overruled, and issue was joined on the replication, by a rejoinder thereto.

The plaintiff filed also a demurrer to so much of the de-fendant's answer, as alleges that the contract was for the la-bor of plaintiff's son for a year, and that he left the defend-ant's service before the expiration of the year, without cause. This demurrer was sustained by the court, and that part of the answer stricken out. The cause was submitted for trial to the court, instead of a jury, and the court found the following facts: That plaintiff agreed that his son should work for defendant one year, for the sum of seventy-five dollars; that the son began to labor for defendant, Sep-tember 20, 1856, and continued for five months and twenty-seven days, the benefit of which labor was received by de-fendant; that at the end of said time, the son left the ser-vice of defendant, of his own accord, without any fault of defendant, and without his consent; that such services were worth to defendant $31 60; that he should be charged with the value of the sheep-skin at seventy-five cents; and that he had paid on the account ninety cents.

Judgment was thereupon given for the plaintiff for $31 45. From this judgment, the defendant appeals.

*Rice & Loughridge*, for the appellant.

No appearance for appellee.

STOCKTON, J.*—The cause was tried before a justice, upon the issues made, whether the plaintiff was entitled to the sum claimed, as compensation for the labor of his son; whether the agreement was that the son should labor for defendant for one year; and whether defendant had sustained any damage by reason of the failure of the son to work for the whole time agreed. These issues seem to have been fairly made, and on the trial, the judgment of the justice was for the plaintiff.

When the cause came into the district court, not only did the court permit the plaintiff to make a new issue, by putting in an additional replication to defendant's answer, but allowed him to file a demurrer to so much of the answer as averred that the contract between the parties was, that the plaintiff's son was to work for one year, and sustained the demurrer to the same, striking out all that portion of the answer. By this means, the defendant was deprived of his right to show that he had sustained any damage, by reason of the failure of the plaintiff to perform his part of the agreement; which damage he had the right to set-off against the plaintiff's claim for compensation for the labor of his son for the five and a half months.

It is not necessary for us, at this time, to consider whether there was error in the permission given by the court to the plaintiff to file a replication in the district court, changing the issue upon which the cause was tried before the justice. The more material matter to be considered, is the ruling of the court in suffering the demurrer to be filed in the district court, and in sustaining the demurrer, whereby the issue joined by the replication and rejoinder, were entirely superseded, and no issue left for trial, but the simple question

*WRIGHT, C. J., dissenting.

Lowen v. Crossman.

whether the plaintiff was entitled to the amount claimed for the labor of his son, for five and a half months.

We think this course of proceeding calculated to prejudice the rights of the defendant. It deprived him of his undoubted privilege, of showing that the contract having been for the labor of the plaintiff's son for a year, and he having failed to labor for that length of time, the defendant had suffered damage by reason of such failure, which he was entitled to set-off against the plaintiff's claim for the services of his son, for the length of time that he did labor for defendant. For the error in sustaining the demurrer to the defendant's answer, the judgment of the district court will be reversed.

Judgment reversed.

WRIGHT, C. J., *dissenting.*—I dissent in this case, for the reason that it is reversed upon a point not made, nor referred to by counsel for either party. The ground of objection, made by the demurrer to the answer, was that though the son of the plaintiff was hired to the defendant, to work for a year, and left without cause, before the expiration of the time fixed, the plaintiff might nevertheless recover, relying upon the doctrine of *Britton* v. *Turner*, 6 N. H., 481, and followed by this court in *Pixler* v. *Nichols*, *ante* 106. This is the ground upon which it was sustained, as I gather from the entire record—a conclusion fully and entirely warranted, from the fact that this is the question, and the sole question, made by counsel, on this part of the case, in their arguments. The thought that by sustaining the demurrer, defendant was deprived, on the trial, of his right to set-off his damages, by reason of the failure of the plainiff to fulfill his contract, is not intimated in the argument, and is first suggested in the opinion. If it appeared that this was denied him, or if the point had been made that the answer was good for the purpose of letting in proof of such failure, I should, perhaps, not differ from the conclusion arrived at by the majority of the court. In the absence of

anything of this kind, however, I think it best to confine our examination to the points made, and not to reverse a cause and send it back, for an error that counsel, by their silence, treat as practically and actually unimportant.

There is a wide difference between affirming and reversing a case, upon a point not made by counsel. It is frequently the case, and in most instances the duty, of the appellate court to sustain the action of the court below, if from an examination of the entire record, a point can be found to justify it, though such point may not be made by counsel. And this, upon the well known and statutory rule, that we will always presume in favor of, and never against, the correctness of the proceedings in the inferior tribunal. It is very different, however, when a cause is to be reversed. We are justified in *hunting*, (that word expresses my meaning), for reasons to sustain, but not to reverse, a case. If counsel insist that a case ought to be reversed on one ground, I certainly will not overrule him upon that, and send it back upon some other; such a practice is, in effect, giving a party a new trial, upon a ground that he does not urge; and decides questions to which the attention of neither party has been directed.